11-1369-cr
*United States v. MacDaniel*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*,
         J. GARVAN MURTHA,
                   *District Judge.*\*

_____

UNITED STATES OF AMERICA,

                   *Appellee*,

         -v.-                                    11-1369-cr

HAROLD GEORGE MACDANIEL,

                   *Defendant-Appellant.*

_____

FOR APPELLANT:      LAWRENCE GERZOG, New York, NY.

FOR APPELLEE:       DOUGLAS P. MORABITO, Assistant United
                    States Attorney (Robert M. Spector,
                    Assistant United States Attorney, *on the*

_____

\* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

*brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Harold George MacDaniel appeals from a judgment of conviction entered in the United States District Court for the District of Connecticut (Chatigny, *J.*), following his guilty plea to one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced MacDaniel principally to a term of 57 months' imprisonment and three years' supervised release.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

MacDaniel challenges his three-year term of supervised release as both procedurally and substantively unreasonable. Our review of the reasonableness of a sentence is "akin to review for abuse of discretion."  *United States v. Fernandez*, 443 F.3d 19, 26-27 (2d Cir. 2006).  Because MacDaniel failed to assert any objection to his term of

2

supervised release to the district court, his challenge on appeal is subject to review for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 208-11 (2d Cir. 2007).

MacDaniel contends that the district court failed to consider the relevant statutory factors and state its reasons for imposing the supervised release term. After a thorough review of the record, we conclude that the district court did not err, much less commit plain error, in imposing a three-year term of supervised release. The term was consistent with the period of supervised release authorized by 18 U.S.C. § 3583(b)(2) and U.S.S.G. § 5D1.2(a)(2). Nothing in the record overcomes the presumption that the district court faithfully considered the applicable statutory factors in imposing the term of supervised release as required by 18 U.S.C. § 3583(c). *See Fernandez*, 443 F.3d at 30.

There is no dispute that the district court considered the statutory factors in determining MacDaniel's incarceration term. We find no reason to believe that those factors were considered *only* in imposing the incarceration aspect of MacDaniel's sentence. Indeed, in imposing the special conditions of supervised release—requiring MacDaniel

to receive substance abuse and mental health treatment and to refrain from possessing a dangerous weapon—the district court considered the particular facts of his offense conduct, as well as his personal history and characteristics. In the absence of record evidence suggesting otherwise, we cannot conclude that the district court considered the statutory factors only with respect to the conditions of supervised release and not to the length of the term of supervised release. *See United States v. Sero*, 520 F.3d 187, 192 (2d Cir. 2008).

Moreover, because the district court stated reasons for the sentence when it imposed the incarceration term and set the special conditions of supervised release, it adequately articulated its basis for the supervised release term. *See id.* The district court provided ample justification for both the term length and special conditions of supervised release by explicitly adopting the factual findings of the presentence report ("PSR") pertaining to MacDaniel's offense conduct, criminal record, and history of substance abuse and mental health issues.

Finally, MacDaniel's conclusory claim of substantive unreasonableness is without merit. In considering the

4

substantive reasonableness of a sentence, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*). The district court adopted the factual findings of the PSR without any objection from MacDaniel. These findings fully support the district court's decision to impose a three-year term of supervised release. Because the term of supervised release was "within the range of permissible decisions," we will not set it aside as substantively unreasonable. *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009) (internal quotation marks omitted).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5